## Ohio Valley Trust Company, Receiver of the Farmers' Co-operative Supply Co., Appellant, *v.* Stewart.

*Corporations — Mismanagement — Losses — Bill for accounting against treasurer—Dismissal of bill—Equity.*

Where in a suit in equity brought by the receiver of a corporation to compel the former treasurer to account for money and property which had come into his hands, it appeared that under the by-laws, the directors, not the treasurer, controlled the business of the company, that defendant's accounts were accurately kept, and that the losses complained of resulted from the acts of employees, not under defendant's supervision, but under that of the board of directors; and the evidence failed to show that defendant had failed to account for any moneys which had come into his custody or that he had improperly disbursed any of such money, the bill was properly dismissed.

Argued Oct. 13, 1915. Appeal, No. 129, Oct. T., 1915, by plaintiff, from decree of C. P. Allegheny County, Jan. T., 1913, No. 477, dismissing bill in equity for an accounting in case of Ohio Valley Trust Company, Receiver of the Farmers' Co-operative Supply Company, v. Levi J. Stewart. Before Brown, C. J., Mestrezat, Potter, Stewart and Frazer, JJ. Affirmed.

Bill in equity for an accounting.

From the record it appeared that defendant had been treasurer of the Farmers' Co-operative Supply Company.

The second finding of fact of Swearingen, J., was as follows:

2. At the first meeting of the stockholders, held on

March 30, 1906, a set of by-laws was adopted, among the same being the following:

### "ARTICLE V., SECTION 2.

"The directors shall be elected annually by the stockholders of the company, as provided in Article IV., Section 1."

### "ARTICLE V., SECTION 3.

"After such election, the Board of Directors shall, at their first meeting, elect a president, secretary and treasurer; and shall elect such other officers or agents as may from time to time be necessary."

### "ARTICLE V., SECTION 5.

"The Board of Directors shall have power to do whatever may be necessary to advance the interests of the company; shall have power to appoint whatever officers, agents and employees may be necessary to properly carry on the business of the company, and to discharge them at any time; and prescribe the duties and fix the compensation of such officers, agents or employees; shall have full control and management of all the business of the company."

### "ARTICLE VI., SECTION 5.

"The treasurer shall be the custodian of and receive and have charge of all moneys, securities and other properties of the company. He shall deposit all moneys of the company received by him to the credit of the company in such depository as the board of directors shall designate, shall pay out money only upon proper vouchers signed by the parties to whom payments are made, when said amounts are not less than five dollars, shall

transfer properties and securities only upon the order of the president and directors of the company, shall make a full report at the close of each year of all his transactions and present the same to the annual meeting of the stockholders; and whenever required so to do, shall exhibit and explain all his accounts and transactions to the board of directors. He shall give bond in such sum as the board of directors shall from time to time designate with surety to be approved by the board of directors for the faithful performance of his duties and for the delivery to his successor in office or other person duly authorized to receive the same in case of his death, resignation or discharge, of all property, moneys, securities, etc., which shall appear to be in his possession, charge or custody and due from him or belonging to the company; and shall perform all such other duties as pertain to his office by law or usage."

On exceptions to the findings of fact and conclusions of law, SWEARINGEN, J., filed the following opinion:

The argument upon exceptions to the findings of fact and conclusions of law has not convinced us that any error was committed, in holding that the defendant was not responsible for the acts, both of omission and of commission, of those in active charge of the affairs of the Farmers' Co-operative Supply Company. In our opinion, the proper construction of the by-laws, quoted in Findings of Fact 2, compels the conclusion reached upon that proposition. The board of directors, and not the treasurer, had sole control of the affairs of the corporation and of all officers, agents and employees, including the hiring and discharging of them. Upon what theory then, which has been stated in the bill, can there be a finding that the defendant is responsible? The evidence does not show that he has failed to account for any moneys which came into his custody. Neither does it show that he has improperly disbursed any of such moneys. No claim against the corporation, which arose out of the defendant's failure of duty as treasurer, was

established at the trial.   Neither was it shown that the corporation had suffered loss, by reason of any failure of duty by the defendant as treasurer.   The burden of the complainant's contention now is that the defendant was negligent in not ascertaining what the employees were doing and in not reporting the same.   But the difficulty with this proposition is that the alleged acts of negligence were those of the board of directors, whose duty it was to supervise all the affairs of the corporation.   If this bill had been filed against the directors, a different issue might have been presented.   But, of course, we can only dispose of the questions raised by the pleadings.

The important controversy raised by the exceptions to the defendant's account was embraced in the third and fourth.   That related to the defendant's responsibility under the by-laws.   As we have shown, the responsibility for the acts of employees rested upon the board of directors and not upon the defendant, as treasurer.   All the other exceptions were most general; none were specific.   In any event, the treasurer was not obliged to know the details of items.   He did not keep the books; he did not establish the system of keeping accounts; he did not purchase goods; nor did he sell them.   He received cash, checks and notes, and was required to deposit the same; and he was to pay out the moneys at the direction of the board, which was in supreme control.   His accounts were audited by the board a number of times, and they were audited by a special committee, at the same time there was an audit of the manager's accounts upon which the plaintiff relies so much, but the defendant's accounts were found to be accurate.   This happened within about a year of the time the receiver was appointed.   The whole evidence discloses that the defendant has fully accounted for all the moneys and property for which he was responsible.

We have re-examined the case, in the light of the exceptions to the findings of fact and conclusions of

law and of the arguments thereon.   We cannot discover any evidence that would justify our finding facts or reaching conclusions that would result in a decree against the defendant.

The court dismissed the bill.    Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*M. H. Stevenson,* for appellant.

*George C. Bradshaw,* of *Thompson & Bradshaw,* for appellee.

PER CURIAM, January 3, 1916:

The learned chancellor below committed no error in finding that the appellee had fully accounted for all moneys and property for which he was responsible. This is all that need be said on the contention of counsel for appellant that a master ought to have been appointed.   The appeal is dismissed and the decree affirmed at appellant's costs on the opinion of the court below dismissing the exceptions to findings of fact and conclusions of law.